7 F.3d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Fernando BUSTILLO, Plaintiff/Appellant,
v.
Gary L. HENMAN, et al., Defendants/Appellees.
 No. 92-2698.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 12, 1993.*
Decided Sept. 23, 1993.
 
 Before POSNER, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Fernando Bustillo seeks a preliminary injunction against various prison officials. The district court denied the injunction, and we affirm.
 
 I. BACKGROUND
 
 2
 Bustillo is an inmate of the Control Unit at the federal penitentiary in Marion, Illinois (Marion). On January 22, 1990, Bustillo filed a complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that officials at Marion had punished him for exercising his legal rights. Several months later, Bustillo was transferred from Marion to the Metropolitan Detention Center (MDC) in Los Angeles, California. Bustillo was returned to Marion on August 9, 1991. Shortly after his return, Bustillo moved for a preliminary injunction. He claimed that prison officials had: (1) restricted his access to his property, preventing him from evaluating the loss or damage incurred when the property was shipped from the MDC in Los Angeles; (2) denied him access to the library and to legal texts; (3) prevented him from communicating with his attorney; and, (4) rejected his requests for administrative relief as untimely. Bustillo asked the court to enjoin similar behavior in the future.
 
 
 3
 A magistrate judge denied Bustillo's motion for a preliminary injunction, and the district court affirmed.
 
 II. ANALYSIS
 
 4
 Bustillo has not shown that he is likely to prevail at trial. The documents that he submitted along with his motion for a preliminary injunction weaken his case. Although these documents indicate that the prison restricted Bustillo's access to the library, rejected his requests for administrative relief, denied his requests for his property, and prevented some correspondences with his attorney, the documents also reveal the prison's sound reasons for its actions. (See Exhibits B, C, F, H, M, S, T, U, V). The prison denied Bustillo's requests on the basis of valid prison policies. See Gaines v. Lane, 790 F.2d 1299, 1308 (7th Cir.1986) (prisons may refuse to send mail not properly marked as legal correspondence); Campbell v. Miller, 787 F.2d 217, 227 (7th Cir.1986), cert. denied, 479 U.S. 1019 (1986) (approving Marion's system for providing library access to Control Unit prisoners). Bustillo may have experienced some difficulties, but "[s]tanding alone, reasonable delay and inconvenience do not rise to the level of a constitutional deficiency." Id. at 229.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is being decided on the briefs